# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SNEZANA S. JANKOVIC,**

      **Plaintiff,**

**v.**                                                       **Case No:   6:14-cv-530-Orl-31KRS**

**PROGRESSIVE AMERICAN**
**INSURANCE COMPANY,**

      **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 14), presenting yet another case where a personal injury Plaintiff sues her insurer for a pot of gold which, when faced with removal to federal court, becomes worth less than $75,000.

On September 12, 2012, Plaintiff, Snezana S. Jankovic was injured in an automobile accident caused by Diane Helms, an underinsured motorist.  At that time, Plaintiff was insured under a $100,000 policy of insurance issued by Defendant, Progressive American Insurance Company, an Ohio corporation (Doc. 1-5).

On September 6, 2013, Plaintiff's counsel submitted a civil remedy notice to the Florida State Department of Financial Services, claiming that Defendant violated Florida Statute Sec. 624.155 by "not attempting in good faith to settle claims when, under all the circumstances, it could and should have done so . . . ." (Doc. 1-1 at 38).  In that Complaint, Plaintiff alleged that she "suffered serious injuries including multiple disc herniations" and demanded payment of the $100,000 policy limit.

Defendant offered only $12,000 to settle the claim, so Plaintiff filed suit in state court on February 21, 2014 seeking damages in excess of $15,000 for Defendant's breach of contract and insurer bad faith.   In her Complaint, Plaintiff alleged that she was severely, significantly, and permanently injured in the accident, has incurred a significant permanent loss of bodily functions and has suffered "extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life" in the past and future. (Doc. 2 at 3). Plaintiff also alleged that she has and will continue to incur "large sums of money for doctors' bills, hospital bills and other related expenses, as well as a loss of earnings and diminishment of earning capacity." (*Id*).   Finally, it is alleged that Defendant knew that its $100,000 policy limit was inadequate to compensate Plaintiff for the serious and permanent injuries sustained by her and that Defendant acted in bad faith by failing to tender the policy limit of $100,000. (*Id.* at 5). Thus, in her Complaint, Plaintiff seeks to recover the full amount of damages caused by the accident, "including the amount of damages in excess of the $100,000.00 underinsured motorist policy limits" (*Id*. at 6), plus a reasonable attorney's fee.

Notwithstanding these allegations, Plaintiff now has the temerity to assert in her Motion to Remand that the amount in controversy does not meet the $75,000 jurisdiction threshold because Defendant contests her claim and has only offered $12,000 to settle it.   Plaintiff's argument is so patently without merit that further analysis is unwarranted.   It is, therefore

**ORDERED** that Plaintiff's Motion to Remand (Doc. 14) is DENIED.   It is further

**ORDERED** that Plaintiff's counsel shall show cause in writing by May 16, 2014 why Rule 11 sanctions should not be imposed for filing the Motion to Remand.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 9, 2014.

									_____
									GREGORY A. PRESNELL
									UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party